IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                  1:23-cr-00953-KWR-2

NORA BACA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Government's Notice of Intent and Motion *In Limine* to Admit *Res Gestae* and Fed. R. Evid. 404(b) Evidence (**Doc. 105**) and Defendant's Amended Motion *In Limine* (**Doc. 108**).

## BACKGROUND

Defendant is charged with possession with intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), following a search at Defendant's residence on May 18, 2023. **Doc. 108 at 1**. During the search, Federal Bureau of Investigation ("FBI") officers found Defendant and her codefendant at the residence. **Doc. 105 at 3**. The codefendant was found in the same room as the firearms and the majority of the methamphetamine, and Defendant was found in a different room with a smaller amount of methamphetamine. *Id.* The codefendant was arrested at the time. *Id.* Defendant was later arrested and charged in a superseding indictment following a search on October 30, 2024. *Id.* There, FBI officers found more methamphetamine and another firearm. *Id.* Defendant is only charged for the methamphetamine and firearms found during the May 2023 search. *Id.*

As part of its case, the Government seeks to introduce (1) evidence related to FBI's investigatory efforts that occurred before the May 2023 search as *res gestae* evidence, or alternatively Rule 404(b) evidence, and (2) evidence related to events that occurred surrounding the October 2024 search as Rule 404(b) evidence. *Id.* at 6. Defendant opposes any *res gestae* evidence but stipulates to the Government's proposed October 2024 Rule 404(b) evidence under certain conditions. **Doc. 108 at 3**.

Meanwhile, in her amended motion *in limine*, Defendant seeks to exclude "any reference to her prior arrests, charges, convictions, supervision status, incarcerations, or alleged 'other acts.'" *Id.* at 1. Specifically, Defendant requests that the Court exclude Defendant's prior 2012 felony conviction for possession with intent to distribute methamphetamine. **Doc. 108 at 3**. In response, the Government states that it does not intend to introduce any evidence related to Defendant's criminal history unless she testifies. **Doc. 109 at 1**.

After reviewing the briefing and applicable law, the Court finds that the Government's motion is well taken. The Court reserves ruling on Defendant's amended motion unless and until the Government intends to introduce evidence included in Defendant's amended motion.

## DISCUSSION

### I. The Court declines to sanction the Government for an untimely Rule 404(b) notice.

As a threshold matter, the Court briefly considers whether any sanctions are warranted for the Government's filing of the Rule 404(b) notice after the scheduling order's deadline. ***See* Doc. 99; Doc. 105 at 8**. According to the joint scheduling order, the Government was required to file its Rule 404(b) notice by August 25, 2025. **Doc. 99 at 1**. Meanwhile, the Court's standard criminal trial instructions require that the Government provide its Rule 404(b) notice no less than two weeks

before trial, set for October 27, 2025. **Doc. 99-1 at 1**. The Government filed its Rule 404(b) notice on September 2, 2025—eight days after the scheduling order's deadline and 55 days (almost eight weeks) before the start of trial. *See* **Doc. 105**. For the reasons discussed below, the Court finds that sanctions are not warranted.

In a criminal case, the prosecutor must provide reasonable notice of any evidence of the defendant's other crimes, wrongdoings, or acts that the prosecutor intends to offer at trial so that the defendant has a fair opportunity to meet it. Fed. R. Evid. 404(b)(3). This notice must be provided in writing. *Id.* When a party fails to comply with a discovery order, the district court has broad discretion under Rule 16(d)(2) to impose sanctions. *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988). A court should order the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders. *Id.* In determining whether a sanction is appropriate, a district court should consider these factors: (1) the reasons the government delayed producing the requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance. *Id.* at 1061.

Here, the *Wicker* factors tip in favor of the Government. As to the first factor, the Government states that it did not file a notice because it had previously disclosed and discussed the Rule 404(b) evidence with Defendant. **Doc. 105 at 8**. Although direct disclosure to Defendant does not release the Government from its obligation to reasonably file notice, this failure to formally file does not rise to bad faith. And it does not affect certainty in the case. *See* Fed. R. Evid. 404 advisory committee's note to 2020 amendment ("Requiring the notice to be in writing provides certainty and reduces arguments about whether notice was actually provided.").

As to the second factor, the Government directly disclosed the Rule 404(b) evidence to Defendant in March 2025, **doc. 105 at 8**, and although notice was filed eight days after the order's deadline, it was still filed almost two months before trial. This was well within the Court's standard requirement that Rule 404(b) notices are filed two weeks before trial. Therefore, Defendant has a fair opportunity to meet the notice before trial. *See United States v. Yepa*, 608 F. App'x 672, 679 (10th Cir. 2015) ("Typically, prejudice requires that a delay impact the defendant's ability to prepare or present his case.").

As to the third factor, the Government is not seeking a continuance. Therefore, this factor is irrelevant. Alternatively, the Court finds that a continuance would not serve the ends of justice due to minimal or no prejudice to Defendant's case due to the Government's filing delay.

Weighing these factors and the totality of the circumstances, the Court concludes that the Government's notice and motion *in limine* will not be denied for its failure to file its Rule 404(b) notice by the scheduling order's deadline.

## II. The Court grants the Government's motion as to the FBI's efforts leading up to May 18, 2023.

Turning to the Government's motion *in limine*, the Government first seeks to admit evidence about the FBI's efforts to find Defendant after learning of her involvement with methamphetamine distribution. **Doc. 105 at 6**. Specifically, the Government requests admission of two prior searches as *res gestae* evidence as "preludes" to the case: (1) an early 2023 search that resulted in the identification of Defendant as a methamphetamine supplier and an address where she could be found and (2) a February 2023 search of the supplied address for Defendant that later resulted in the receipt of an updated address where Baca was found on May 18, 2023. *Id.* **at 2, 7**. Defendant objects to the introduction of any *res gestae* evidence. **Doc. 108 at 4**.

4

For the reasons discussed below, the Court finds that the Government's proposed evidence is *res gestae* evidence because it provides the necessary causal link to the charged offense and completes the story of the charged offense. Alternatively, the proposed evidence is admissible under Rule 404(b)(2) for identity, knowledge, and lack of mistake.

### A. Legal standard.

Relevant evidence is admissible at trial. Fed. R. Evid. 401. Evidence is relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference—or chain of inference—about an issue necessary to a verdict. *United States v. Mendoza-Salgado*, 964 F.2d 993 (10th Cir. 1992).

Meanwhile, under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404.

The Tenth Circuit has held that "evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (citation modified). Moreover, there is no requirement that intrinsic evidence establish an element of the charged offense. *Id.* Rather, "[e]vidence is considered 'intrinsic' when it is directly connected to the factual circumstances of the crime and provides contextual or background

5

information to the jury, and 'extrinsic' when it is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020). Thus, intrinsic evidence is "essential to the context of the crime." *Irving*, 665 F.3d at 1212; *see also United States v. Kimball*, 73 F.3d 269 (10th Cir. 1995).

Even if evidence is intrinsic, it still may be excluded under Rule 403. *Irving*, 665 F.3d at 1213. Rule 403 allows a trial court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion under Rule 403 is an "extraordinary remedy" to be used "sparingly." *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999).

To be unfairly prejudicial, evidence must be likely to provoke an emotional response in the jury or "otherwise tend[ ] to affect adversely the jury's attitude toward the defendant wholly apart from its judgement as to his guilt or innocence of the crime charged." *United States v. Tan*, 254 F.3d 1204, 1211–12 (10th Cir. 2001). Evidence is also unfairly prejudicial when it has the capacity "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Tenth Circuit has further noted that "evidence of prior acts can have the effect of confusing the issues in a case." *United States v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998). "The decision to exclude evidence under Rule 403 is within the sound discretion of the trial court." *Id.* at 1331.

**B. Analysis.**

The Government seeks to admit evidence of how the Violent Gang Task Force ("VGTF") of the FBI became interested in Defendant, which led to the May 2023 search. **Doc. 105 at 6**. In early 2023, the FBI executed a search warrant in furtherance of the VGTF's effort to combat the

importation and distribution of methamphetamine. *Id.* **at 2**. There, a confidential human source ("CHS") was found with several pounds of methamphetamine. *Id.* CHS 1 informed the FBI that Defendant supplied CHS 1 with the methamphetamine and could be found at a certain address. *Id.* On February 22, 2023, the FBI searched the address provided by CHS 1. **Doc. 105 at 2**. When this second search was executed, the FBI discovered Defendant had moved out a few weeks prior. *Id.* **at 2**. Following the second search, the FBI sought an updated location of Defendant, which ultimately resulted in CHS 2 providing the address where the May 2023 search was performed. *Id.* **at 2-3**. There, the FBI found the narcotics and firearms charged in this case. *Id.* **at 3**.

The Government seeks to admit the above as *res gestae* evidence, or alternatively Rule 404(b) evidence, to provide necessary background and context to the investigation. *Id.* **at 1, 6–7**. Otherwise, the jury would not understand why the FBI searched Baca's house on May 18, 2023. *Id.* In her amended motion *in limine*, filed after the Government issued its notice, Defendant objects to any *res gestae* evidence, arguing that the Government should not be able to "bypass Rule 404(b)'s notice, purpose, and balancing requirements by labeling prior acts as 'res gestae.'" **Doc. 108 at 4**.

1. Res Gestae.

The Court agrees with the Government that the identification of Defendant for her possible involvement in methamphetamine distribution and the subsequent search for her location is intrinsic background information. *See United States v. Montoya*, 527 F. App'x 716, 721 (10th Cir. 2013) (district judge properly admitted limited *res gestae* evidence to explain the circumstances leading to defendant's arrest). This provides the causal link for the investigation to the charged offense and completes the story of the charged offense. Without admission, the May 2023 search

7

would not make sense.  *Cf. United States v. Candelaria*, No. 1:22-cr-00767-KWR-1, 2024 WL 82845, at *2 (D.N.M. January 8, 2024).

However, the Court finds that this evidence should be limited under Rule 403 so as not to unfairly prejudice Defendant.  Defendant is not charged in connection with the several pounds of drugs found in the early 2023 search.  Although the drug evidence resulted in the identification of Defendant to the FBI, there is substantial physical similarity between the uncharged conduct (supplying of pounds of methamphetamine to CHS 1) with the charged conduct (possession with intent to distribute 500 grams and more of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime).  As such, there is a risk of unfair prejudice—that the jury will think that Defendant is more likely guilty of possessing more than 500 grams of methamphetamine on May 18, 2023, because of the pounds of methamphetamine found in the early 2023 search.  Therefore, the Government will disallow the Government from presenting evidence related to the quantity of methamphetamine allegedly supplied to CHS 1 by Defendant in early 2023.

Additionally, considering the Government's indication that it will rely on testimony related to these searches, **see doc. 139** (Proposed Order of Proof), the Court reserves the right to further limit *res gestae* evidence on background and context in accordance with Rules 401, 801, and 403.

2. Rule 404(b).

Alternatively, the Court finds that the evidence related to Defendant's uncharged conduct, supplying methamphetamine to CHS 1, is admissible under Rule 404(b)(2) for identity, knowledge, and lack of mistake, provided that the evidence does not conflict with other Federal Rules of Evidence.

To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)).

Here, the Government contends that the events leading up to the May 2023 search are relevant to disprove that Defendant had no knowledge of the majority of the methamphetamine and firearms in May 2023 and was merely present in the house where they were found. **Doc. 109 at 2**. Additionally, the Government states that the early 2023 search resulted in the identification of Defendant as the supplier of methamphetamine to CHS 1. **Doc. 108 at 2**. The Court agrees that these are proper propensity purposes under Rule 404(b). Additionally, the evidence is relevant as it tends to prove or disprove a fact of consequence: that Defendant was knowingly and voluntarily in possession of the drugs and firearms in May 2023.

Finally, the Court considers whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice. The Government argues and the Court agrees that Defendant's knowledge of the drugs and firearms recovered in the May 2023 search will be essential to the Government's case. As discussed above, the Court also recognizes that the substantial similarity between the uncharged conduct and charged offense. Therefore, the Court, after balancing the Rule 403 factors, applies the same limitation as it does under the above *res gestae* analysis. The Government may not present evidence as to the quantity of methamphetamine recovered in the early 2023 search.

The parties shall propose a limiting instruction in accordance with the above findings.

### III. The Court agrees with the parties that the proposed evidence related to the search on October 30, 2024, is admissible.

Second, the Government seeks to admit Rule 404(b) evidence of a search that occurred at the same address on October 30, 2024. **Doc. 105 at 3**. This October 2024 search followed reports of Defendant's continued narcotics activity after May 2023. *Id.* The Government states that it has evidence that a person warned the Defendant about an impending indictment and search prior to October 30, 2024. *Id.* Despite the warning, Defendant was found at the residence with methamphetamine and a firearm. *Id.*

The Government asserts that the October 2024 search can be properly admitted for a non-propensity purpose under Rule 404(b). *Id.* at 7. Specifically, the Government argues that Defendant's possession of methamphetamine and a firearm in October 2024 is probative of Defendant's knowledge, intent, and lack of mistake in May 2023 when the FBI found drugs and firearms found in her codefendant's room. *Id.* In response, Defendant stipulates that the evidence related to the October 2024 search can be properly admitted if it is introduced for a non-propensity purpose. **Doc. 108 at 3**. Defendant further conditions her stipulation upon full cross examination of witnesses and opportunity to present rebuttal evidence. *Id.*

As discussed above, under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404.

To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *Zamora*, 222 F.3d at 762 (citing *Roberts*, 185 F.3d 1125); *see also United States v. Cook*, 745 F.2d 1311, 1317–18 (10th Cir. 1984) (subsequent conduct after commission of the offense was properly admitted under Rule 404(b) to show intent, plan, or absence of mistake or accident).

Here, the Court agrees with the parties that the evidence related to the October 2024 search may be admitted under Rule 404(b). First, the Government is offering it for a proper purpose: to show that, in May 2023, Defendant had knowledge of the drugs and firearms in her codefendant's bedroom, that she intended to sell the drugs, and that it was not a mistake that she was in the residence with the drugs.

Second, the evidence is relevant as it is probative of the elements that the Government must prove for the charged violations. In October 2024, Defendant was found with more methamphetamine and a firearm. The events related to the October 2024 search tend to prove or disprove that, in May 2023, Defendant knowingly and voluntarily possessed methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(2) and (b)(1)(A), and that the Defendant knowingly and voluntarily possessed firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See Zamora*, 222 F.3d at 761–62 (10th Cir. 2000) ("The more similar the act or state of mind is to the charged crime, the more relevant it becomes."); *see also*

*United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006) ("Subsequent acts evidence is particularly relevant when a defendant's intent is at issue.").

Third, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice under Rule 403. Based on the facts presented, the evidence is highly probative for the Government to meet its burden to prove the elements of the charged offense. Evidence related to the October 2024 search involving drugs and a firearm will not provoke an emotional response. Nor will evidence of the October 2024 search likely confuse or mislead the jury. Accordingly, the Court does not believe that it is so unfairly prejudicial to warrant exclusion under Rule 403.

Additionally, the Court will allow Defendant to cross examine witnesses and present rebuttal evidence that conforms with the Federal Rules of Evidence.

Therefore, the Court finds that evidence related to the October 2024 search may be admitted provided that the evidence complies with all other relevant rules. The parties shall submit a proposed limiting instruction.

### IV. The Court reserves ruling on Defendant's motion related to prior convictions and other acts.

Finally, Defendant seeks to exclude "any reference to her prior arrests, charges, convictions, supervision status, incarcerations, or alleged 'other acts'" as prohibited evidence under Rule 404(b)(1). **Doc. 108 at 1**. Specifically, Defendant seeks to exclude her 2012 federal felony conviction of possessing methamphetamine with intent to distribute, *id.* **at 3**, although the Court notes that she has multiple prior convictions for possession of a controlled substance (methamphetamine), *see* **doc. 60 at 5–7** (Pretrial Services Report). In response, the Government states that it does not plan to introduce evidence related to prior convictions unless Defendant

testifies.[1]  **Doc. 109 at 1**.  It notes, without conceding, that the introduction of the extremely similar 2012 conviction could be unfairly prejudicial.  *Id.*

Since the Government does not plan to introduce prior convictions, the Court reserves ruling on Defendant's motion unless the Government seeks to introduce convictions or other prior acts beyond the evidence presented in the Government's notice and motion *in limine*.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

- Sanctions are not warranted for the Government's late filing of its Rule 404(b) notice. Trial will remain on the October 27, 2025 docket.

- The Government's proposed evidence related to FBI's investigatory efforts that occurred before the May 2023 search is admissible as *res gestae* evidence and pursuant to Fed. R. Evid. 401, 403, and 404(b). The Government's proposed evidence related to events that occurred surrounding the October 2024 search is also admissible pursuant to Fed. R. Evid. 401, 403, and 404(b).  Therefore, the Government's motion *in limine* (**Doc. 105**) is **GRANTED.**  The Court instructs the parties to discuss appropriate limiting instructions and submit proposal(s) to the Court no later than October 17, 2025.

- The Court **RESERVES RULING** on Defendant's amended motion *in limine* (**Doc. 108**).

        /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] The Court will address the Government's Notice of Potential Rule 609 Impeachment (**Doc. 104**) and Defendant's Response (**Doc. 112**) in a separate order.