IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                        1:23-cr-00953-KWR-2

NORA BACA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO REQUESTED JURY INSTRUCTION 25

**THIS MATTER** comes before the Court on Defendant's Objection to the Proposed Jury Instructions. **Doc. 141** (Amended Jury Instructions). Specifically, Defendant objects to Requested Instruction 25, which instructs the jury about *Pinkerton* liability for coconspirators. *Id.* **at 1, 36**. In response, the Government argues that Defendant does not need to be charged with *Pinkerton* liability to be convicted pursuant to *Pinkerton* liability. **Doc. 142 at 3**. Since the Court's ruling may require the Government to seek a superseding indictment during next week's grand jury proceedings, the Government requests a Fed. R. Crim. P. 12(d) ruling by October 20, 2025. *Id.*

Here, the Court finds that the Government's argument is well taken. Therefore, Defendant's objection to Requested Instruction 25 is **OVERRULED**.

### DISCUSSION

In the superseding indictment, Defendant and her codefendant, Michael Brand, were both charged with possession with intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). **Doc. 42**

**at 1–2**. The indictment did not charge Defendant with conspiracy under *Pinkerton* liability. *See* **Doc. 42**. Defendant's trial is set for October 27, 2025. **Doc. 99** (Joint Scheduling Order). Pursuant to the joint scheduling order, the Government filed proposed joint jury instructions. **Doc. 140**. Defendant filed amended jury instructions, objecting to the Government's Requested Instruction 25, which applies to Count Three. **Doc. 141 at 1, 36**. Defendant did not supply an alternate instruction. **Doc. 142 at 3**.

In response, the Government argues that under *United States v. Rosalez*, 411 F.3d 1194 (10th Cir. 2013), Defendant may be convicted under *Pinkerton* liability even though the indictment does not charge Defendant under *Pinkerton* liability. *Id.* The Court agrees.

Here, the issue is whether the absence of *Pinkerton* liability in the indictment would result in a constructive amendment or variance. A constructive amendment occurs "when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *Rosalez*, 411 F.3d at 1210. A variance results when "the charging terms of the indictment are unchanged, but the 'evidence adduced at trial establishes facts different from those alleged in an indictment.'" *Id.* A constructive amendment is reversible per se, while a variance is subject to a harmless error analysis. *Hunter v. New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990).

In *Rosalez*, the Tenth Circuit held that neither a constructive amendment nor variance had occurred when the defendant's indictment charged him with aiding and abetting liability but not *Pinkerton* liability, and the defendant was convicted under *Pinkerton* liability. *Rosalez*, 411 F.3d at 1210. As relevant here, the *Rosalez* court explained that an "indictment need not plead the government's theory of liability." *Id.* (quoting *United States v. Zackery*, 494 F.3d 644, 649 (8th

2

Cir. 2007)). Moreover, it concluded that "a district court does not constructively amend an indictment by giving a *Pinkerton* instruction when *Pinkerton* liability has not been charged by the grand jury." *Id.* (quoting *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010)) (noting that multiple circuits support this rule).

Although, unlike in *Rosalez*, Defendant is not charged with aiding and abetting, the Court finds that this factual distinction does not warrant departure. Under *Rosalez*—and further supported by multiple circuits, *id.* at 1210—indictments do not need to plead theories of liability like aiding and abetting. *See Zackery*, 494 F.3d at 647–49 (determining that defendant, not charged separately for conspiracy or aiding and abetting, was properly convicted under *Pinkerton* liability). And the *Rosalez* court did not rely on the existence of the aiding and abetting charge in its ruling beyond evidence that the defendant had notice that the government might rely on a theory of *Pinkerton* liability. *Id.* at 1211. Here, the Court also finds that Defendant had notice that the Government would rely on joint criminal liability, including *Pinkerton* liability, to prove its case. Defendant and her codefendant were both charged for knowingly possessing a firearm in furtherance of a drug trafficking crime (Count Three). From the beginning, Defendant had notice that the Government may need to rely on a theory of joint criminal liability at trial.

**IT IS THEREFORE ORDERED** that Defendant's objection to Requested Instruction 25 **(Doc. 141)** is **OVERRULED**. Since the Court is reviewing the proposed jury instructions, it reserves the right to modify the language proposed by the Government. However, based on today's ruling, the Government does not need to seek a superseding indictment next week.

                                                 /S/  
                                              KEA W. RIGGS  
                                              UNITED STATES DISTRICT JUDGE