IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          No. 1:23-cr-0953-KWR-2

NORA BACA,

Defendant.

## MEMORANDUM OPINION AND ORDER CONTINUING TRIAL

**THIS MATTER** comes before the Court *sua sponte*.  On September 23, 2025, Defendant Nora Baca ("Defendant") filed a Sealed Opposed Motion to Continue Trial.  **Doc. 123**.  After reviewing the Government's Response (**Doc. 126**) and conducting a hearing on the matter, the Court denied the Motion. *See* **Doc. 135**.  Upon reconsideration, the Court **GRANTS** Defendant's Motion and vacates the trial set to begin on October 27, 2025.

## BACKGROUND

In a superseding indictment, Defendant was charged with possession with intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  **Doc. 42 at 1–2**.

On September 23, 2025, Defendant's counsel notified the Court that they had received new, undisclosed information from the Government the day before.  *Id.* at 2–3.  According to defense counsel, the new information extended well beyond the expected scope of trial, making the defense's existing trial preparation "effectively irrelevant." *Id.* at 3.  To adequately prepare for a now "unrecognizable" defense, counsel required more time to "recalibrate all aspects of trial

preparation." *Id.* at 3–4.  Defense counsel further noted that the new information could impact the possibility of a negotiated settlement. *Id.* at 5.  At the hearing, defense counsel also noted that the September 22 disclosure named a confidential witness whose testimony the defense had not anticipated, requiring further investigation for potential impeachment avenues and rebuttal defenses.  According to defense counsel at the hearing, the very nature of their talks with Defendant would have been different at the outset had counsel known the information earlier.

The Government opposed a continuance. **Doc. 126 at 1**.  Although the Government acknowledged that the disclosed information included more specific instances of illegal activity than previously disclosed, ultimately, it maintained that the charges have remained unchanged since the grand jury returned the superseding indictment. *Id.* at 4.  Further, the Government contended that it does not plan to introduce anything beyond what had been disclosed in previous filings. *Id.* at 4–5.  Finally, the Government concluded that the deadline to negotiate a plea agreement had passed now that confidential witnesses have been revealed to Defendant. *Id.* at 6.

After conducting a hearing on the matter on September 30, 2025, the Court denied the motion to continue trial. *See* **Doc. 135**.  Trial is currently scheduled to begin on October 27, 2025. **Doc. 123 at 1**.

## DISCUSSION

For the reasons discussed below, the Court now finds that (1) the ends of justice will be served by a continuance and (2) a continuance is appropriate under Tenth Circuit precedent. *See United States v. Rivera*, 900 F.2d 1462 (10th Cir. 1990) (outlining factors the court must consider in granting or denying a continuance).

I.    **Speedy Trial Act.**

The Speedy Trial Act serves to "protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." *See United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993). The Act mandates that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

However, the Act excludes from the seventy-day requirement "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant or deny a continuance under the ends-of-justice provision, the Court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [by the Act]; (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B). "The ends-of-justice exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (citation modified).

After reconsidering the above factors *sua sponte*, the Court now concludes that Defendant's requested continuance would further the ends of justice.

Looking to § 3161(h)(7)(B), the Court notes that factors two and three do not weigh in favor of a continuance. This Court has not identified this case as unusual or complex. And Defendant's arrest did not precede the indictment. *See* **Doc. 41; Doc. 43**. However, the Court concludes that factors one and four weigh in favor of Defendant, tipping the scale towards granting Defendant's motion to continue.

First, there is a risk that failure to grant a continuance may likely result in a miscarriage of justice. According to Defendant's counsel, the tenor of their conversations with Defendant, from trial preparation to settlement negotiations, would have been different had they possessed the information disclosed on September 22. Importantly, Defendant's counsel argue that their trial preparation up to that point was rendered effectively irrelevant, resulting in a need to completely rework the defense's approach. As a result, Defendant's rights to due process and effective counsel are in jeopardy. **Doc. 123 at 3**. Although the Government is correct in its assertion that the charges themselves have not changed—which was persuasive to the Court during the hearing—the Court has since reevaluated the real risk of an unjust result if Defendant's counsel is unable to adequately investigate the disclosures revealed one month before trial. Therefore, the Court now finds the first factor in favor of a continuance.

Second, and related to the discussion above, the Court finds that Defendant's counsel require a continuance to have the time necessary for effective trial preparation. During the hearing,

the Government did not argue that the defense counsel is failing to act diligently, and the Court does not doubt that now.  And even though the charges remain the same, and the Government does not plan to introduce all the disclosed information as evidence, the nature of the released information is serious.  *See id.* **at 2–3**.  Defense counsel must have time to parse through all the information with Defendant in custody, determine what to thoroughly investigate, and follow up with Defendant as needed.  A continuance would provide defense counsel with the reasonable time necessary to diligently conduct this work.

Based on the discussion above, the Court concludes that, under the Speedy Trial Act, a continuance will further the ends of justice.  Defense counsel has requested a continuance of at least ninety days in order to investigate the serious disclosures, prepare for anticipated testimony by a confidential witness, and recalibrate its defense.  *Id.* **at 7**.  The Court finds that ninety days from the existing trial date would provide a reasonable amount of time for defense effectively prepare for trial.  And because the continuance is properly granted under the ends-of-justice exception, this time will not be included under the Act's seventy-day requirement.  Trial is now set for Monday, February 2, 2025.

## II.    Tenth Circuit Continuance Factors.

As established above, the ends-of-justice exception to the Speedy Trial Act's seventy-day requirement is properly applied on this motion. Additionally, the Court finds that granting Defendant's motion to continue is proper under the circumstances. *See Rivera*, 900 F.2d at 1475.

In general, trial courts have "broad discretion . . . on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983); *see also Rivera*, 900 F.2d at 1475. To decide whether to grant or deny a continuance, the Court turns to four factors:

> (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the

inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial.

*United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019) (quoting *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018)). "The final factor is the most important." *Id.* (quoting *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012)).

Here, the Court finds that the scale tips in favor of Defendant, and therefore, granting Defendant's motion to continue trial is proper. First, defense counsel diligently sought a continuance. As discussed above, defense counsel requested a continuance the day after receiving newly disclosed information from the Government. During the hearing, the Government also pointed to defense counsel's hard work and diligence in preparing for trial. Although defense counsel has requested, and has been granted, three continuances prior, under these circumstances, defense counsel has not lacked in diligence. *See United States v. Bauer*, No. CR 23-464-WJ, 2025 WL 786684, at *2 (D.N.M. Mar. 12, 2025), reconsideration denied in part, No. 23-CR-464-WJ, 2025 WL 872953 (D.N.M. Mar. 19, 2025) (denying a seventh continuance, with two continuance requests occurring less than a month prior to a firm trial date).

Second, granting a continuance would likely accomplish Defendant's stated purpose. Defense counsel has identified the need for time to recalibrate their defense at trial and investigate impeachment avenues and potential defenses based on the new information and disclosed witness. These purposes could be accomplished with more time.

Third, the Court recognizes that a continuance would inconvenience the Court and Government, particularly with regards to scheduling expert witness appearances. However, inconvenience alone does not prohibit a continuance. *See United States v. Peña*, No. 1:23-CR-00748-KWR, 2024 WL 4264385, at *2 (D.N.M. Sept. 23, 2024). Further, jurors have not yet been

summoned, and trial is set to last for three days. *See United States v. Gonzales*, No. 23-CR-01620-KWR, 2025 WL 1414245, at \*4 (D.N.M. May 15, 2025) (noting trial scheduled for weeks).

Fourth, and most importantly, the Court finds that Defendant would be harmed if a trial is not continued.   The Court initially determined that, despite the broader scope of the facts underlying the charge, defense counsel could adequately prepare for trial in the one month remaining. However, upon reconsideration, as discussed under the Speedy Trial Act, the Court concludes that great harm could occur if a continuance is denied.

Therefore, the Court finds that granting a continuance is proper under these circumstances.

## CONCLUSION

After assessing the statutory factors for a continuance under the ends-of-justice exception to the Speedy Trial Act's seventy-day requirement, *see* 18 U.S.C. § 3161(h)(7)(B), the Court finds that granting a continuance would further the ends of justice.  The Court further finds that granting Defendant's motion to continue is proper under the circumstances.  Accordingly, Defendant's Motion, **Doc. 123**, is **GRANTED**.  Trial is now set for Monday, February 2, 2025.

**IT IS SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE