IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                         Case No. 1:23-cr-00953 KWR-2

NORA BACA,

      Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO EXTEND DEADLINE WITHIN WHICH TO FILE EXPERT NOTICE

**THIS MATTER** comes before the Court upon Defendant's Motion to Extend Deadline Within Which to File Expert Notice (Doc. 165). On January 1, 2026, Nora Baca ("Defendant") moved to extend the January 2, 2026, deadline to file expert notices. **Doc. 165 ¶ 16**. Defense counsel experienced funding issues beyond their control and were still unable to receive funding the day before the original deadline. *Id.* **¶ 12**. The Government opposes the extension in full and contends that the factors set forth in *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988), warrant denying the extension. **Doc. 166 at 3**. Additionally, Defendant contends that the *Wicker* factors do not warrant excluding the expert. **Doc. 167 ¶ 6**. Defendant moved for an extension on January 1, 2026, within the original prescribed deadline, and demonstrated good cause for granting an extension. Thus, under Federal Rule of Criminal Procedure ("Rule") 45(b), the Court finds good cause to grant the extension. Further, the Court does not find that the *Wicker* factors necessarily apply because Defendant moved for the extension before the expiration of the scheduling order. *See* **Doc. 165**. However, because Defendant would be in violation of the scheduling order if the

Court denied the extension and the *Wicker* factors provide mere guidance, the Court will consider each standard in turn.

Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the motion is well-taken, and therefore, is **GRANTED**.

## BACKGROUND

On October 17, 2025, this Court continued trial until February 2, 2026. **Doc. 148 at 7**. Consequently, expert notices were due January 2, 2026. **Doc. 148-1 at 1**. Defendant made her present Motion on January 1, 2026—one day before the deadline to disclose expert witnesses. **Doc. 165**.

In the months preceding the present Motion, on July 3, 2025, the federal government ran out of funds to compensate attorneys and experts under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. **Doc. 165 ¶ 11**. Then, the federal government shut down from October 1, 2025, until November 12, 2025. *Id.* On November 4, 2025, amidst the government shutdown, the Government brought a second superseding indictment (**Doc. 151**) against Defendant. Once the government reopened in November, defense counsel diligently sought to secure an expert to testify against a new count included in the second superseding indictment. *Id.* ¶¶ **4–5, 12**. As of January 1, 2026, Defendant's funding for her expert was still pending. *Id.* ¶ **12**.

## DISCUSSION

**I.    The Court finds good cause to extend the deadline for expert notices under Rule 45(b).**

Defendant argues that the following three issues create good cause for extending the deadline for expert notices: (1) CJA funding ran out on July 3, 2025; (2) the government had shut down from October 1, 2025, until November 12, 2025; and (3) the Christmas holiday made it difficult to coordinate meetings and examinations with the expert. **Doc. 165 ¶¶ 11–12**. The

Government contends that Defendant chose not to timely file an expert notice even though the expert was "secured." *See* **Doc. 166 at 2**. Since Defendant does not contend that she "secured" the expert on December 17, 2025, as the Government suggests, *see* **Doc. 165 ¶¶ 2, 14**, and the government shutdown and lack CJA funding delayed the expert process, the Court finds good cause to extend the deadline for expert disclosures.

Under Rule 45(b), courts have the authority to extend the time a party has to perform an act for good cause if the party moved before the originally prescribed time expires. Fed. R. Crim. P. 45(b)(1)(A). If the deadline expired, then the party must demonstrate excusable neglect. Fed. R. Crim. P. 45(b)(1)(B). The good cause and excusable neglect standards are related in that good cause appears "to require *at least as much* as would be required to show excusable neglect." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)).

The Tenth Circuit has not defined good cause in the direct context of Rule 45(b). However, the Tenth Circuit has interpreted Federal Rule of Civil Procedure ("Civil Rule") 16 as imposing a "good cause" standard to untimely motions to amend when a scheduling order governs the case.[1] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Specifically, the Tenth Circuit has noted that the Civil Rule 16(b) standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id.* In this district, courts have found that "good cause" means that

---

[1] There is some indication that the "good cause" standards of Civil Rules 16 and 6 have the same meaning. *See Candelaria v. Molina Healthcare, Inc.*, No. 18-cv-725-WJ-GBW, 2019 WL 4643946, at *4 (D.N.M. Sept. 19, 2019). Additionally, according to the Advisory Committee Notes, Rule 45 is "in substance the same as Rule 6 of the Federal Rules of Civil Procedure." Fed. R. Crim. P. 45 advisory committee's note to 1944 adoption. Thus, the "good cause" standard of Rule 45(b) should be very similar, if not the same, as Civil Rule 16.

"scheduling deadlines cannot be met despite a party's diligent efforts." *United States v. Jones*, No. 14-cr-0769-JB, 2016 WL 335102, at *3 (D.N.M. Jan. 15, 2016) (quoting *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010)).

Here, Defendant moved to extend the deadline for expert disclosures on January 1, 2026, one day before the deadline. **Doc. 165**. Thus, the "good cause" standard applies because Defendant's motion was made "before the originally prescribed . . . time expire[d]." Fed. R. Crim. P. 45(b)(1)(A). Therefore, Defendant must demonstrate an inability to meet the disclosure deadline despite their diligent efforts. *See Jones*, 2016 WL 335102, at *3.

The government ran out of funds to compensate CJA attorneys and experts on July 3, 2025. **Doc. 165 ¶ 11**. The federal government then shut down from October 1, 2025, until November 12, 2025. *Id.* Recently, a district court found that delays caused by the federal government shutdown constituted finding good cause and excusable neglect that warranted an extension. *See United States v. Briones-Esparza*, No. 3:25-mj-05726-ATB, 2025 WL 3470869, at *1 (W.D. Tex. Dec. 2, 2025) (finding good cause and excusable neglect when a defendant was removed, their counsel had begun the process of gaining admission to the district, and the process was delayed due to the government shutdown). Defense counsel contends that they diligently sought to secure an expert once the government reopened, but they were unable to confirm the expert's availability until December 17, 2025. *Id.* **¶¶ 12, 14**. The Government argues that Defendant should have then filed an expert notice on December 18, 2025. **Doc. 166 at 2**. However, as of the January 1, 2026, submission, Defendant's funding for the expert was still pending. **Doc. 165 ¶ 12**. Therefore, despite Defendant's best efforts, it was not feasible to secure funding for the expert before the Court's deadline. This infeasibility, despite diligent effort, supports a finding of good cause. *See United States v. Chapman*, No. 11-cr-0904-JB, 2012 WL 1132509, at *5 (D.N.M. Mar. 19, 2012) (finding

4

good cause to extend a sentencing when it was not "feasible to" compile a large amount of financial transactions and secure CJA funding for a psychological evaluation before the court's deadline). Accordingly, the Court finds that Defendant demonstrates good cause to extend the deadline to disclose experts under Rule 45(b).

## II.  The Court does not find that the *Wicker* factors warrant denying the extension.

The Government contends that the Court's January 2, 2026, deadline has passed and that any notice now will be in violation of the Court's scheduling order.[2] **Doc. 166 at 3**. As such, the Government turns to the three *Wicker* factors in asking the Court to deny Defendant's Motion. *Id.* The Court considers each of the factors in turn.

When deciding whether to exclude an untimely expert witness, the Court considers the following three non-exclusive factors: (1) the party's reason for delay, including whether the party acted in bad faith; (2) the extent of prejudice to the other party; and (3) the feasibility of curing the prejudice with a continuance. *Wicker*, 848 F.2d at 1061. These factors are mere guidance and do not dictate the bounds of the Court's discretion. *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997). Although the Court should impose the least severe sanction that will promote prompt and full compliance with the court order, *see United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999), under some circumstances the Court may "suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced," *Wicker*, 848 F.2d at 1061. While a continuance is

---

[2] While the Government correctly notes that any expert disclosure made now would be in violation of the scheduling order and *Wicker* would apply, Defendant made her motion for extension before the expiration of the original order on January 2, 2026. *See* **Doc. 165**. Thus, for the inquiry of extending the deadline for expert disclosures, the good cause standard of Rule 45(b) controls. *See* Fed. R. Crim. P. 45(b)(1)(A). Nonetheless, since *Wicker* provides mere guidance, *see Russell*, 109 F.3d at 1511, the Court will consider the factors.

preferred, a continuance is not necessary "just because it will cure the prejudice." *Russell*, 109 F.3d at 1512.

### 1. Defendant's reason for delay.

The Government argues that Defendant intentionally filed her motion after she confirmed the Defendant's availability on December 17, 2025. **Doc. 166 at 3**. Defendant contends that she confirmed availability on December 17, 2025, but that, despite diligent efforts, funding was still being procured as of January 1, 2026. **Doc. 165 ¶¶ 12, 14**. Under the first *Wicker* factor, "exclusion is ordinarily only appropriate where a party acts in bad faith or lacks any legitimate reason for a delay." *United States v. Yepa*, 608 F. App'x 672, 678 (10th Cir. 2015). Here, Defendant claims that she could not secure funding as of January 1, 2026, and that she had begun her diligent search for an expert and funding once the federal government resolved its funding issues on November 12, 2025. **Doc. 165 ¶¶ 11–12, 14**. Defendant then notified the Court, within the original deadline set by the scheduling order, that funding had not yet been secured, and thus, there was good cause for an extension. *Id.* Thus, while Defendant may have been able to provide notice of the issue concerning the pending funds earlier, the Court cannot find that Defendant requested this extension in bad faith or without any legitimate reason. Therefore, the reason for Defendant's delay favors extension.

### 2. The prejudice to the Government.

The Government claims that it is prejudiced by the reduced time to prepare for cross-examination of an expert and to locate scholarly articles. **Doc. 166 at 4**. Under *Wicker*, the prejudice typically "requires that a delay impact the [opposing party's] ability to prepare or present his case." *See Yepa*, 608 F. App'x at 679. Here, Defendant's motion seeking an extension effectively put the Government on notice of her intent to use an expert to distinguish between

6

distribution and personal use amounts as it relates to Count 2. **Doc. 165 ¶¶ 4–5**. The Government received this partial disclosure within the original disclosure date. Thus, even if the Court did not find good cause to extend the deadline under Rule 45(b), any prejudice to the Government here would be minimal.

### 3. Whether a continuance is feasible and can cure the alleged prejudice.

The Government argues that granting a continuance would defeat the purpose of publishing scheduling orders and undermine the parties' confidence to prepare for trials. **Doc. 166 at 4**. Without seeking a continuance in the alternative, the Government contends that a continuance would increase the alleged prejudice and scheduling disruptions. *Id.* The Court disagrees.

Under the third *Wicker* factor, a court must consider whether a continuance is a feasible way to cure the prejudice. *Unites States v. Moya*, 748 F. App'x 819, 824 (10th Cir 2018).

Here, the Government contends that a continuance would create further prejudice. **Doc. 166 at 4**. In making this argument, the Government points to Defendant attempting to intimidate confidential witnesses scheduled to testify against her. *Id.* The Court considers that a continuance may create the opportunity for Defendant to attempt further intimidation, but such an opportunity does not make a continuance infeasible. *See Yepa*, 608 F. App'x at 679 (noting that a court may consider "whether a continuance might create other problems"). Nevertheless, the Government does not move for a continuance, rendering this inquiry less relevant, and the Court finds that any prejudice to the Government by briefly extending the date for expert disclosures is slight and comes nowhere near the prejudice that would befall Defendant if the expert were excluded.

Accordingly, despite the Court's finding that good cause warrants an extension under Rule 45(b), the Court also finds that the totality of the *Wicker* factors does not warrant denying the extension of the expert disclosure deadline. Rather, the appropriate sanction is permitting a shorter

extension than Defendant originally asked for. *See United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002) ("In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."). Therefore, the Court will grant Defendant's requested extension, but expert disclosures are required no later than January 9, 2026.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Extend Deadline Within Which to File Expert Notice (**Doc. 165**) is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS ORDERED** that the deadline to provide expert witness notices is extended until January 9, 2026.

 /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE