IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                             No. 1:23-cr-00953-KWR-2

NORA BACA,

    Defendant.

## ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO SENTENCING OR PUNISHMENT

**THIS MATTER** comes before the Court on the Government's Unopposed Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial (**Doc. 106**). In making the Motion, Defendant also notes that she reserves the right to cross-examine any cooperating witnesses as to bias. *Id.* **at 1**; **Doc. 113 at 2–3** (Defendant's Response). For the reasons stated below, the Court finds that the Motion is well taken and, therefore, is **GRANTED**.

The sentence or punishment following a guilty verdict is not relevant to the jury's determination. *See* 10th Cir. Crim. Pattern Jury Instr. 1.20 (2025) ("You should not discuss or consider the possible punishment in any way while deciding your verdict."). "Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by*, *United States v. Wacker*, 72 F.3d 1453 (10th Cir.1996).

It is firmly established that when the jury has no sentencing function, as is the case here, it "should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975). Allowing a jury to consider punishment invites jury nullification

and is prejudicial. *See United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (presenting information to jury about possible sentence is prejudicial). Further, there is no right to jury nullification in the Tenth Circuit. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *see also United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."), *quoted in United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010). Accordingly, the Court will exclude any reference to punishment or sentence at trial for Defendant.

Additionally, the Court acknowledges that, within the Motion, Defendant moves to reserve the right to cross-examine any cooperating witnesses at trial about their relevant criminal liability related to the charged offenses. **Doc. 106 at 1**; **Doc. 113 at 2–3**. The Government does not appear to object. *See* **Doc. 106 at 1**.

Here, Defendant may cross-examine the Government's witnesses as to their prior convictions—and any expected benefit conferred for testifying—to assess credibility as allowed by the Confrontation Clause and the Federal Rules of Evidence. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) (stating that a defendant has the constitutional right to confront witnesses against her, including "exposure of a witness's motivation in testifying") (quoting *Davis v. Alaska*, 415 U.S. 308, 316–17 (1974)); *United States v. Howell*, 285 F.3d 1263, 1268–69 (10th Cir. 2002) (holding that under Fed. R. Evid. 609(a)(1), "ordinarily, evidence of a [non-defendant] witness's felony conviction shall include information about the nature of that conviction unless, after Rule 403 balancing, the probative value of such evidence is outweighed by its prejudicial effect").

Yet, Defendant is not guaranteed an unlimited scope of cross-examination, and the Court may impose reasonable limits based on concerns related to harassment, prejudice, confusion of the

issues, witness safety, or relevance. *See Davis*, 415 U.S. at 679. Since the testimony of any cooperating witnesses has not been confirmed and the scope of any plea agreement contingent on testifying has not been disclosed, the Court reserves ruling on the extent that Defendant may inquire into the nature of a witness's conviction, the details of any plea agreement, and the potential sentence that has been or will be imposed. *See United States v. Henry*, No. 1:16-cr-1097-JCH-KK-2, 2018 WL 802006, at *2 (D.N.M. Feb. 8, 2018) (recognizing that courts determine admissibility of plea agreement and sentencing details on a case-by-case basis); *see also United States v. Foghorn*, No. 1:03-cr-2365-JB-2, 2004 WL 7337478, at *8–11 (D.N.M. Oct. 25, 2004) (allowing cross-examination that reveals plea agreement's benefit and nature of conviction but limiting scope as to sentencing based on language of the plea and case's facts).

Further, the Court will not permit Defendant to engage in cross-examination that may directly or indirectly reveal Defendant's possible penalties. *See United States v. Woods*, No. 1:17-cr-1235-WJ-3, 2020 WL 4816456, at *2–3 (D.N.M. Aug. 19, 2020) (allowing defendant to "delve into the plea agreement in sufficient detail to draw out any evidence of [witness's] bias or motivation without trying to sidestep the Tenth Circuit's prohibition against informing the jury of possible penalties").

Finally, should direct or cross-examination reveal a plea agreement, the Court will issue a limiting instruction directing the jury to consider the plea agreement only for the purpose of assessing credibility. *See United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983) (finding that court erred for failing to issue instruction limiting use of codefendant's guilty plea to credibility).

**IT IS SO ORDERED.**

                                                      /S/
                                                 KEA W. RIGGS
                                                 UNITED STATES DISTRICT JUDGE