IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                         No. 1:23-cr-00953-KWR-2

NORA BACA,

    Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING IN PART DEFENDANT'S OBJECTION TO RULE 609 IMPEACHMENT WITH PAST CONVICTIONS**

**THIS MATTER** comes before the Court on the United States' Notice of Potential Rule 609 Evidence (**Doc. 104**), and Defendant's Response (**Doc. 112**). Should Defendant Nora Baca ("Defendant") testify, the Government plans to cross-examine her with four prior convictions pursuant to the Federal Rules of Evidence ("Rule") 609. *Id.* In her response, Defendant objects to the Government's plan to impeach her with the three older convictions but does not object to impeachment with the fourth conviction. **Doc. 112 at 2**.

Having reviewed the briefing and applicable law, the Court finds that Defendant's objections are not well-taken as to two convictions for crimes of dishonesty. The Court reserves ruling on the third conviction for a crime of dishonesty. Further, the Court finds that the mention of the fourth conviction by name would unfairly prejudice Defendant should she testify. Accordingly, Defendant's objection is **OVERRULED IN PART** and **RESERVED IN PART**.

## BACKGROUND

Defendant is charged with possession with intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count One), possession with intent to distribute 5 grams and more of methamphetamine, in violation of

§ 841(a)(1), (b)(1)(B)(viii) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and *Pinkerton v. United States*, 328 U.S. 640 (1946) (Count Three). **Doc. 150 at 1–2** (Second Superseding Indictment). Pursuant to Rule 609(b)(2), the Government filed notice that it intends to impeach Defendant with several prior convictions should she decide to testify at trial. **Doc. 104 at 1**. Specifically, the Government plans to cross-examine her regarding: (1) her 1999 conviction for state felony conviction for forgery, (2) her 2004 state felony conviction for forgery, (3) her 2004 federal felony conviction for identification document fraud, and (4) her 2012 federal felony conviction for possession with intent to distribute methamphetamine. *Id.*

## DISCUSSION

Under Rule 609, to attack a witness's character for truthfulness by evidence of a prior felony criminal conviction, the evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement." Fed. R. Evid. 609(a)(1)(B), (a)(2). Meanwhile, if more than 10 years have passed since the conviction or release from confinement for it, the conviction will only be admitted if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

The Tenth Circuit "has long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." *United States v. Haslip*, 160 F.3d 649, 654 (10th Cir. 1998). "The implicit assumption of Rule 609 is that prior felony convictions have probative value." *See United*

*States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir.1998)).  Therefore, "when a defendant in a criminal case takes the stand in his own defense, his credibility may be impeached and his testimony attacked in the same manner as any other witness, including reference to prior convictions."  *United States v. Smith*, 521 F.2d 374, 376 (10th Cir. 1975).

If a defendant testifies and if any of her prior convictions are admissible on cross-examination, "the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility."  *United States v. Commanche*, 577 F.3d 1261, 1271 (10th Cir. 2009); *see also United States v. Lopez-Medina*, 596 F.3d 716, 738 (10th Cir. 2010) ("Ordinarily, it is improper for the prosecution to examine into the details of the crime for which the accused was convicted. The cross-examination should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment.").

However, "the trial court has discretion in limiting cross examination of an accused on the subject of prior convictions."  *See Smith*, 521 F.2d at 376.  "[T]he prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness [only] if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (internal quotations omitted).

Here, the Government argues that Defendant can be properly impeached with the three older convictions under Rule 609(b) and properly impeached with the fourth conviction under Rule 609(a)(1)(B).  *Id.* **at 1**.  Defendant objects to the Government's impeachment with three older convictions, arguing that they are of little probative value, particularly considering the risk of

3

unfair prejudice.[1]  **Doc. 112 at 2**. As to the fourth conviction, Defendant acknowledges that impeachment is "presumptively available, and Ms. Baca understands that such impeachment will occur should she testify." *Id.*

As explained below, the Court finds that the Government may cross-examine Defendant with her 2004 convictions for forgery and fraudulent identification documents pursuant to Rule 609(b). The Court reserves ruling on whether the Government may use the 1999 forgery conviction until the Court can fully assess its probative value based on evidence and testimony presented at trial.

The Government may also cross-examine Defendant with her 2012 possession with intent to distribute methamphetamine conviction, with confinement ending in 2016, pursuant to Rule 609(a)(2). However, due to the similarity of the prior conviction with the charged offenses, under Rule 403, the Government may not reveal the nature of the conviction due to the risk of unfair prejudice to Defendant.

I.    **Defendant's 2004 Convictions.**

Turning first to Defendant's 2004 convictions, the Court begins with the federal identification fraud conviction noticed under Rule 609(b). The Government intends to impeach Defendant with her prior felony conviction for fraud and related activity in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(6). **Doc. 104 at 1; Doc. 60 at 6** (Amended Pretrial Services Report). For this crime, Defendant was convicted in 2004 and

---

[1] In her Response, Defendant also requests that the Court prohibit the Government from mentioning these prior convictions in voir dire, its opening statement, its closing statement, and during examinations. **Doc. 112 at 2**. Since the Government has stated that it does not plan to inform the jury of Defendant's criminal history unless she testifies, *see* **doc. 109 at 1**, the Court will not reach a ruling on Defendant's additional request at this time.

sentenced to 16 months of incarceration plus three years of supervised release. **Doc. 60 at 6**. Following a revocation of her supervised release, Defendant was sentenced to six months custody on September 26, 2006, putting her release date in 2007. *Id.* Therefore, if she served the full sentence, the reference date is 2007. *See United States v. Phillips*, 487 F. Supp. 3d 1126, 1130–31 (D.N.M. 2020) (applying calculation used in *United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir. 1991)).

Since the conviction is 18–19 years old, the Government properly filed notice under Rule 609(b). Therefore, evidence of the conviction is only admissible if "its probative value, supported by facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

Although the Tenth Circuit has not articulated a test to determine whether a prior conviction should be included under Rule 609(b)(1), the Court finds that the *Smalls* factors, applied by the Tenth Circuit for Rule 609(a)(1)(B) balancing, are instructive under Rule 609(b).[2] Therefore, the Court will consider: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Smalls*, 752 F.3d at 1240.

---

[2] *See, e.g.*, *Phillips*, 487 F. Supp. 3d at 1131 (applying *Smalls* factors); *United States v. Gonzales*, No. 1:23-CR-1620-KWR, 2025 WL 1592337, at *9 (D.N.M. June 5, 2025) *United States v. Romero*, No. 21-CR-00559-JCH, 2023 WL 2413812, at *5 (D.N.M. Mar. 8, 2023) (same); *United States v. Reza*, No. 21-CR-01042 RB, 2023 WL 1070474, at *5 (D.N.M. Jan. 27, 2023) (same). *But see United States v. Logsdon*, No. CR-12-298-D, 2013 WL 5963012, at *3 (W.D. Okla. Nov. 7, 2013) (considering "1) whether the defendant's credibility is a crucial issue; 2) whether the impeachment value of the prior conviction is high; 3) whether the prior crime of conviction and the charged crime are so similar as to invite improper inferences; and 4) whether the age of the prior conviction and the defendant's subsequent history suggest his rehabilitation." (citing *United States v. Gilbert,* 668 F.2d 668 F.2d 94, 97 (2d Cir.1981))).

Here, the first, third, fourth, and fifth *Smalls* factors weigh in favor of admission. First, the impeachment value of the identification fraud conviction is high because it is a crime of dishonesty or false statement. *See* 18 U.S.C. § 1028(a) (requiring that defendant knowingly engage in the use or possession of false identity documents); *see also United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998); *United States v. Seamster*, 568 F.2d 188, 190 (10th Cir. 1978). And as a crime of dishonesty, it bears on Defendant's credibility. *See United States v. Mejia-Alarcon*, 995 F.2d 982, 988–89 (10th Cir. 1993); *see also United States v. Halbert*, 668 F.2d 489, 495 (10th Cir. 1982) ("First of all, the convictions were not unrelated to truthfulness. The convictions of mail fraud and false pretenses were directly relevant, and as for the conviction of aggravated robbery, while truthfulness is not an element it surely casts doubt on the robber's regard for the truth."); *cf. United States v. Barker*, No. 21-CR-175-JFH, 2023 WL 2663241, at *4 (E.D. Okla. Mar. 28, 2023) ("Crimes of violence, generally, have little impeachment value.").

As to the second *Smalls* factor, in her response, Defendant argues that the age of the identification fraud conviction makes it of little evidentiary or probative value. **Doc. 112 at 2**. The Court recognizes that this conviction is 18–19 years old. However, courts have found that convictions well beyond the ten-year mark can be properly admitted if the conviction has a bearing on their credibility as a truthful witness. *See, e.g.*, *United States v. Spero*, 625 F.2d 779, 78–81 (8th Cir. 1980) (court did not abuse its discretion in allowing twenty-two year old conviction because credibility of defendant was directly weighed against credibility of government witness who was cross-examined with convictions); *United States v. Logsdon*, No. CR-12-298-D, 2013 WL 5963012, at *2, 4 (W.D. Okla. Nov. 7, 2013) (allowing three convictions from 1990, 1997, and 1997 involving false statements or deceptive conduct).

Third, the prior conviction for identification fraud is dissimilar from the charged offenses of possession with intent to distribute methamphetamine and possession of firearms in furtherance a drug trafficking crime. Thus, it is unlikely that that a jury will be tempted to infer criminal propensity, rather than use the conviction for its intended purpose—to impeach Defendant's credibility. *See Seamster*, 568 F.2d at 191 ("[P]rior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant.").

The fourth and fifth *Smalls* factors are of particular significance to the specific facts and circumstances of this case. Whether Defendant was involved drug trafficking will be a central issue for Counts One and Three at trial. *See* **Doc. 150 at 1–2**. Defendant's testimony may be important to refuting knowledge of this involvement. Defendant has indicated that she plans to defend Count Two by asserting that she possessed the drugs for personal use. **Doc. 165 at 1**. Defendant's testimony may be important in establishing intent. If she does testify, her credibility would crucial; the jury must be able to fully assess her propensity for truthfulness. This case may well turn on which witness the jury chooses to believe. Therefore, taken together, these *Smalls* factors tip in favor of allowing the 2004 identification fraud conviction for cross-examination. The probative value of the conviction substantially outweighs its prejudicial effect, and the Government may introduce the conviction for impeachment purposes.

Next, the Court turns to the second 2004 felony conviction: a state conviction for forgery, resulting in a suspended sentence of approximately 1.5 years. **Doc. 60 at 6**. Here, the Court finds that the *Smalls* factors also weigh in favor of introduction for the purpose of impeachment. Like identification fraud, forgery is a crime "involving dishonesty or false statement" that is probative

of Defendant's capacity for truthfulness. *See United States v. Dixon*, 547 F.2d 1079, 1083 (9th Cir. 1976). A conviction resulting in a suspended sentence may be used for impeachment purposes. *United States v. Hall*, 588 F.2d 613, 615 n.4 (8th Cir. 1978). And the conviction is dissimilar from the charged offenses at trial. Further, the Court finds that, for the same reasons discussed above, the fourth and fifth *Smalls* factors weigh in favor of allowing the introduction of the 2004 forgery conviction for the purposes of impeachment. If Defendant testifies, her credibility may be a central issue at trial. The second 2004 conviction for a crime of dishonesty speaks to her capacity for truthfulness. Therefore, the second conviction's probative value substantially outweighs its prejudicial effect, and it may be introduced for the purpose of impeaching Defendant if she testifies.

Based on its review of the *Smalls* factors, the Court finds that the probative value of the 2004 forgery and identification fraud convictions substantially outweigh the risk of unfair prejudice. Accordingly, Defendant's objection is overruled as to these two convictions.

If Defendant testifies, the Court will allow the Government to cross-examine Defendant about the 2004 convictions for the limited purpose of impeaching Defendant's character and testimony. The cross-examination should be confined to a showing of "the essential facts of convictions, the nature of the crimes, and the punishment." *Smalls*, 752 F.3d at 1240. Furthermore, the Court may revise this Order based on the evidence and witness testimony presented at trial.

II.     **Defendant's 1999 Forgery Conviction.**

Next, the Government notices that it intends to cross-examine Defendant with her 1999 state forgery conviction, where she was in custody until October 1999. **Doc. 104 at 1**; **Doc. 60 at 5**. Here, the impeachment value is high since this conviction was for a crime of dishonesty, which

is probative of Defendant's truthfulness. And the forgery conviction is dissimilar from the charged drug and firearm offenses. Yet, this conviction is significantly older than the previous two convictions, at 26 years old. And the Court recognizes that the inclusion of a third crime of dishonesty will further discourage Defendant from testifying. Depending on the evidence and testimony presented at trial, her testimony may be of high importance to the case. For this reason, the Court will decline to rule on the third conviction until it can better assess the fourth and fifth *Smalls* factors related to the importance of Defendant's testimony and the centrality of her credibility.

Accordingly, the Court will revisit the introduction of the 1999 state forgery conviction if Defendant expresses a willingness to testify at trial.

### III. Defendant's 2012 Felony Conviction for Possession with Intent to Distribute Methamphetamine.

Finally, the Court turns to Defendant's 2012 felony conviction for possession with intent to distribute 50 grams and more of methamphetamine, in violation of § 841(a)(1), (b)(1)(B). As the Government points out, Rule 609(a)(1) applies since Defendant was released from confinement in March 2016 and was not convicted for a crime of dishonesty. *See* **Doc. 60 at 7**. Although Defendant does not object to impeachment with this conviction should she testify, *see* **Doc. 112 at 2**, the Court will still briefly conduct a balancing test pursuant to Rule 609(a)(1)(B) and *Smalls*. Because the Court finds *sua sponte* that the mention of the conviction's name will unfairly prejudice Defendant, the Government cannot introduce its name should she testify.

To begin with, the 2012 conviction has some impeachment value as probative of Defendant's character. *See Howell*, 285 F.3d at 1268 (citing *United States v. Burston,* 159 F.3d 1328, 1336 (11th Cir.1998)). And less than ten years have passed since Defendant was released.

9

But the fact that Defendant was involved with methamphetamine trafficking is not particularly relevant to her character for truthfulness as a witness. And, more importantly, the conviction is similar or identical to Counts One and Two. When a prior conviction and the charged offense are of a similar nature, the danger of unfair prejudice increases since this similarity poses the risk that the jury could consider the prior conviction as impermissible propensity evidence. *See Seamster*, 568 F.2d at 191. Accordingly, the Court carefully considers whether the probative value of the evidence outweighs the prejudice to Defendant. *See Commanche*, 577 F.3d at 1270–71 ("Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried.").

Here, the name of the conviction tends to portray Defendant as a habitual drug trafficker. Thus, by referencing the name of the 2012 conviction, there is a risk that the jury would convict Defendant based on propensity evidence, and not on the merits of this case, is substantial. Hence, although Rule 609 recognizes the admission of prior crimes for impeachment purposes, the Court is not persuaded that the name of Defendant's 2012 conviction has sufficient probative value to overcome its prejudicial effect to Defendant.

Therefore, the Court will allow the Government, if Defendant testifies, to cross-examine Defendant about her 2012 felony conviction for the limited purpose of impeaching Defendant's character and testimony. However, the Court will permit the Government to introduce only that Defendant has the prior conviction, the date of the conviction, and the length of punishment. *See Butler v. United States*, 408 F.2d 1103, 1105 (10th Cir. 1969) ("It is apparent that the witness's credibility was impeached inasmuch as he admitted to having committed at least three felonies."). The Government may not introduce the name of the 2012 conviction.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

- If Defendant testifies, the Government may impeach Defendant as to her two 2004 convictions for forgery and identification fraud. Defendant's objection is **OVERRULED**.

- The Court **RESERVES RULING** on Rule 609 impeachment as to Defendant's 1999 state forgery conviction.

- If Defendant testifies, the Government may not introduce the name of her 2012 conviction.

Nevertheless, at trial, if Defendant's counsel or Defendant "purposefully and explicitly opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the government to introduce further evidence on that same topic." *See Lopez-Medina*, 596 F.3d at 731.

**IT IS SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE