IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.          No. 1:23-cr-00953-KWR-2

NORA BACA,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION IN LIMINE AND DEFENDANT'S OBJECTION TO JURY INSTRUCTIONS

THIS MATTER comes before the Court on Defendant's Second Amended Motion *in Limine* to Exclude Defendant's October 2024 Post-Arrest Statement (**Doc. 213**) and Defendant's Amended Objection to Jury Instructions 19 and 26 (**Doc. 221**). The Court ordered Defendant to amend her initial Motion *in Limine*. **Doc. 181** (Motion); **Doc. 192** (Order to Amend). After finding that Defendant's First Amended Motion did not comply with the order, the Court required her to amend the motion again. **Doc. 202** (First Amended Motion); **Doc. 209** (Second Order to Amend).

The motion and objection relate to Defendant's prior conviction: the motion seeks to exclude evidence related to Defendant's prior conviction and the objection seeks to exclude reference of Defendant's prior conviction until after a guilty verdict. Accordingly, the Court chose to combine its rulings into one order to address bifurcation and the remaining issues.

For the reasons discussed below, the Court will bifurcate trial into two phrases: one for guilt and one for penalty, provided that the jury returns a guilty verdict as to Counts One and/or Two. Because the Court will bifurcate trial, the Court **SUSTAINS** Defendant's objection to Jury

Instruction 26 and **GRANTS in part** Defendant's motion *in limine*. Additionally, the Court **OVERRULES in part** Defendant's objection to Jury Instruction 19.

## BACKGROUND

Defendant is charged with possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count One), possession with intent to distribute 5 grams and more of methamphetamine, in violation of § 841(a)(1), (b)(1)(B)(viii) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and *Pinkerton v. United States*, 328 U.S. 640 (1946) (Count Three). **Doc. 150 at 1–2** (Second Superseding Indictment).

Should the jury find Defendant guilty of Counts One or Two, her sentence length will depend on whether she was convicted of a prior "serious drug felony." *See* § 841(b)(1)(A). Under 21 U.S.C. § 802(58), a "serious drug felony" is a controlled substance offense described in 18 U.S.C. § 924(e)(2) for which the defendant (1) served a term of imprisonment more than 12 months and (2) was released within 15 years of the commencement of the current offense. If the jury finds Defendant guilty of the lesser included offense of possession, a prior felony may also lengthen Defendant's sentence. *See* 21 U.S.C. § 844(a). It does not appear that Defendant will stipulate to the prior conviction. *See* **Doc. 221 at 2–4**.

## DISCUSSION

First, the Court turns to the issue of bifurcation. Defendant objects to Jury Instruction 26, which instructs the jury as to the elements that the Government must prove for the purposes of sentencing. **Doc. 221**; *see also* **Doc. 200 at 42** (Second Amended Proposed Jury Instructions).

2

Defendant argues that the instruction must be excluded before the jury reaches a verdict on the substantive offenses. **Doc. 221 at 3**. Without formally filing a motion for bifurcation, Defendant asserts that the Court "must hold a bifurcated trial." *Id.*

District courts have broad discretion in ruling on a motion to sever or bifurcate. *United States v. Garcia*, 74 F.4th 1073, 1109 (10th Cir. 2023). Federal Rule of Criminal Procedure 14 "leaves the determination of risk of prejudice and any remedy for such prejudice to the sound discretion of the district court." *Id.* (citing *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013)). A decision must not be "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (citing *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009)).

Other than the finding of a prior conviction, the Sixth Amendment requires that a jury determine any facts that increase a statutory maximum or mandatory-minimum punishment. *Alleyne v. United States*, 570 U.S. 99, 103 (2013); *Apprendi v. New Jersey*, 530 U.S 466, 490 (2000). And when the government must prove the facts of a prior conviction for sentencing, bifurcation may be the fairest process to prevent the risk of unfair prejudice by reference to the prior conviction. *See Erlinger v. United States*, 602 U.S. 821, 848 (2024) ("By sequencing and separating the jury's determinations, a court decreases the likelihood that a jury will be overpersuaded by the defendant's prior criminal conduct." (citation modified)). The phased introduction of prior conviction evidence reduces the tension between the government's need to present sufficient evidence to the jury and the risk of unfair prejudice to a defendant—which is intensified when facts of a prior conviction can only be resolved by a unanimous jury and beyond a reasonable doubt. *See Erlinger*, 602 U.S. at 835 (holding that defendant was entitled to have a jury determine whether three convictions took place on three different occasions to satisfy ACCA sentencing enhancement).

Here, Defendant correctly asserts there is a risk that a jury will convict her based on propensity if they learn that her prior conviction was for drug trafficking. **Doc. 221 at 3**. Yet the Government must be able to present evidence that Defendant was convicted of a serious drug felony, served a term of imprisonment more than 12 months, and was released within 15 years of the commencement of the current offense—the term of imprisonment and release date are factual findings within the province of the jury. *See Erlinger*, 602 U.S. at 835. However, the jury does not need to hear the conviction evidence before a finding of guilt. Bifurcating the proceeding into guilt and penalty phases fairly balances the parties' interests and the cost and expense to the Court. *See id.* at 848 (recognizing that "all sides agree" that bifurcation is appropriate when a jury must decide both conviction of felon-in-possession and increased penalty of "occasion" under ACCA). Therefore, the Court will bifurcate the trial.

Since the Court will bifurcate the trial, Defendant's objection to Jury Instruction 26 is sustained. The Court's first proposed jury instructions will reflect the two phrases of trial.

Next, the Court turns to Defendant's motion *in limine*. Here, she seeks to exclude lengthy sections of her post arrest-statement made to a Federal Bureau of Investigation ("FBI") agent on October 30, 2024. **Doc. 213**. Particularly, she seeks to exclude any reference to her prior conviction. *See **id.** at 9*. The Government argues that evidence of her prior conviction is relevant to sentencing enhancements. **Doc. 220**. Consistent with the Court's ruling above, the Court finds that the Government may not introduce statements referencing her prior conviction (prison, sentence, sentence reduction, and probation) as part of its case-in-chief during the conviction phase of trial. The probative value of those statements is significantly outweighed by the risk of unfair prejudice. To be clear, this ruling does not extend to the penalty phase of trial—the Court reserves

4

ruling as to the admissibility of these statements during the penalty phase of trial until it can better assess their probative value.

As for the remaining statements, the Court will reserve ruling after reviewing the text of the transcript, Defendant's second amended motion, and the Government's response. The admissibility of these statements will likely come down to Rule 403 balancing. Until the Government seeks to introduce specific statements, the Court is unable to properly assess their probative value.

Finally, the Court turns to Defendant's objection to Jury Instruction 19. Defendant argues that it improperly infringes on her defense and invades the province of the jury. **Doc. 221 at 1–2**. The Court disagrees. As the Tenth Circuit stated in *United States v. Cota-Meza*, such an instruction does not misstate the law. 367 F.3d 1218 (10th Cir. 2004); *see also United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014), *abrogated on other grounds by*, *Mathis v. United States*, 579 U.S. 500 (2016). The Court overrules Defendant's objection and will allow Jury Instruction 19 to be presented to the jury. The Court will supplement the instruction with a portion from *Cota-Meza* but will not replace it in full. The change will be reflected in the Court's first proposed jury instructions.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

- The Court will bifurcate Defendant's trial as described in this Order.

- Defendant's Second Amended Motion *in Limine* to Exclude Defendant's October 2024 Post-Arrest Statement (**Doc. 213**) is **GRANTED in part** and **RESERVED in part**.

- Defendant's Amended Objection to Jury Instructions 19 and 26 (**Doc. 221**) is **OVERRULED in part** and **SUSTAINED in part**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE